IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JASON ALAN JUSTICE,**

        Petitioner,

    v.                            CASE NO. 07-3121-SAC

**LOUIS BRUCE,**

        Respondent.

**O R D E R**

Petitioner submitted a letter to the court, which has been construed and filed as a petition for writ of habeas corpus, 28 U.S.C. §§ 2241, 2254. He claims he is being illegally confined at the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF). Petitioner names no respondent, but the court has liberally construed the filing and designated the proper respondent in a habeas action: petitioner's custodian, Louis Bruce, Warden at HCF. Mr. Justice has also submitted a certified copy of his Kansas Department of Corrections Inmate Account Statement, which has been filed as a motion for leave to proceed without prepayment of fees (Doc. 2). It appears he has no balance, and the motion should be granted.

Mr. Justice alleges he is being detained for a charged violation of his post-release supervision. The violation is based upon his having been "unsuccessfully discharged" from the "Mirror Inc. CRB program/housing unit" (Mirror). He argues that he should not have been discharged from Mirror, and that the discharge is not a valid grounds for revocation. Petitioner states he is waiting to see the Kansas Parole Board. Since the initial filing, Mr. Justice has submitted a copy of a "Summary of Preliminary Hearing" held on

April 9, 2007, finding probable cause that he violated conditions of release.

Petitioner alleges certain aspects of his "health and welfare" are being jeopardized as a result of his "illegal confinement" and requests a temporary restraining order against his parole officer, Steve Radcliffe, Radcliffe's supervisor, and "any other responsible party."  He also requests immediate release.  He additionally complains about a no-contact order that HCF officials are apparently enforcing with his mother.  Having reviewed all the materials filed by petitioner, the court finds as follows.

Petitioner is in state custody and challenges the actions of state authorities in arresting him on a supervised release violation and his confinement based upon charges that he has violated his conditional release.  He is required to fully exhaust state remedies before he may seek relief in federal court.  See Morrissey v. Brewer, 408 U.S. 471, 474 (1972); Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981).  To satisfy this requirement, petitioner must have presented the very issues raised herein to the Kansas Supreme Court, either by way of direct appeal or by state post-conviction proceeding.  Picard v. Connor, 404 U.S. 270 (1971).  28 U.S.C. 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State . . . .

Alternatively, the applicant must show that State corrective process is either unavailable or ineffective.  28 U.S.C. 2254(b)(1)(B). Petitioner does not allege that he has exhausted state court or administrative remedies on his claims.  Nor does he show that state

processes are ineffective.  Given that he complains of events occurring on March 27, 2007, and has not yet had a parole revocation hearing, it is clear he has not exhausted state remedies.  The court concludes petitioner's habeas corpus claims must be dismissed, without prejudice to his filing another federal Petition once state remedies are exhausted.

Mr. Justice's claims regarding conditions of confinement, such as orders regarding with whom he may have contact, are not proper grounds for federal habeas corpus relief[1].

Petitioner's request for a temporary restraining order regarding his "illegal confinement" is not supported by adequate facts or legal grounds, and is denied.

**IT IS THEREFORE ORDERED** that petitioner is granted leave to proceed in forma pauperis (Doc. 2), and his request for a temporary restraining order is denied (Doc. 3).

**IT IS FURTHER ORDERED** this action is construed as a petition for writ of habeas corpus, 28 U.S.C. §§ 2241, 2254, and is dismissed, without prejudice, for failure to exhaust state remedies.

**IT IS SO ORDERED**.

Dated this 25th day of May, 2007, at Topeka, Kansas.

---

[1] Plaintiff may challenge conditions of confinement by filing a complaint pursuant to 42 U.S.C. 1983, but must allege facts indicating a violation of a federal constitutional right.  In the future, if plaintiff files either a habeas corpus petition under 28 U.S.C. §§ 2241, 2254 or a civil rights complaint under 42 U.S.C. 1983 in federal court, it must be submitted on forms provided by the clerk of the court.  He may also obtain forms for filing an in forma pauperis motion from the clerk.  Court rules require that these actions be filed on the court-approved forms.  See D.Kan.Rule 9.1(a)(Petitions for writs of habeas corpus . . . and civil rights complaints by prisoners . . . shall be on forms . . . supplied without charge by the clerk of the court upon request.").

                    <u>s/Sam A. Crow</u>
                    U. S. Senior District Judge